Filed 7/6/22  P. v. Rice CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093911 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE002518) |
| v. | |
| ROBERT JOSEPH RICE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Robert Joseph Rice filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

FACTS AND HISTORY OF THE PROCEEDINGS

In February 2020, the trial court found defendant violated probation and mandatory supervision in connection with two prior felonies—forcible assault in 2016 (Pen. Code, § 245, subd. (a)(4); statutory section citations that follow are to the Penal

1

Code) and possession of a controlled substance with intent to sell in 2018 (Health & Saf. Code, § 11378)—and issued bench warrants for defendant's arrest. Officers obtained a warrant to search defendant's home. Upon seeing defendant leave his home and drive away in his car, officers stopped him and found a loaded, unregistered firearm under the driver's seat. Passengers in the car stated the gun belonged to defendant. In defendant's home, officers found soft body armor, ammunition, small quantities of drugs, drug paraphernalia, and a digital scale.

Defendant was charged with being a felon in unlawful possession of a firearm (§ 29800, subd. (a)(1); count one); a loaded firearm (§ 25850, subd. (a); count two); ammunition (§ 30305, subd. (a)(1); count three); body armor (§ 31360, subd. (a); count four); and a controlled substance with intent to sell (Health & Saf. Code, § 11378; count five).

In November 2020, defendant pleaded no contest to counts one and two in exchange for dismissal of the remaining counts and a promised lid of 16 months in state prison. Counts three and five were dismissed pursuant to *People v. Harvey* (1979) 25 Cal.3d. 754.

In February 2021, the trial court sentenced defendant to the low terms of 16 months for counts one and two, staying imposition of the latter pursuant to section 654. The court terminated defendant's probation and mandatory supervision from his prior cases and denied probation in the current case, noting defendant's history of criminality (see § 1203, subd. (e)(4)), poor performance under conditions of supervised release, and substance abuse. The court denied credit for time served, noting defendant was also in custody for violating probation and mandatory supervision. (See § 2900.5, subd. (b).) Finally, the court, recognizing defendant's inability to pay, imposed $60 in court facilities assessment fees (Gov. Code, § 70373), $80 in court operations assessment fees (§ 1465.8), a $300 restitution fine (§ 1202.4, subd. (b)), and a $300 suspended parole revocation restitution fine (§ 1202.45).

Defendant timely appealed but did not obtain a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

DUARTE, J.

_____

HOCH, J.

3